UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES ROY, SR., | ) |
|             Petitioner, | ) ) ) |
|        v. | ) )   No. 1:20-cv-00008-JRS-DLP |
| WARDEN, | ) ) ) |
|             Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Charles Roy, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging a prison disciplinary conviction in case number CIC 19-08-0246. For the reasons explained below, the petition is **DENIED**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On August 23, 2019, IDOC correctional officer H. Kern wrote a Report of Conduct charging Mr. Roy with "security threat group," a violation of IDOC Adult Disciplinary Code B-208. Dkt. 9-1. The Report of Conduct states:

> At approximately 8:20pm on 8-23-2019 I Officer H. Kern was conducting a cell search of cell 2-2B. Upon conducting the cell search I found underneath the bottom bunk inside a brown box a envelope that contains a photo of Offender Roy, Charles #233007 2A-2b holding a Security Threat Group affiliated hand sign. Offender Roy claimed the picture of him holding a Security Threat Group affiliated hand sign and informed me that it is the hand sign for "Eastside.".

*Id.* Regarding the photograph found in Mr. Roy's cell, Investigations and Intelligence Officer E. Boner stated, "This is an STG hand sign of STG 2-1 Fatal." Dkt. 9-7.

Mr. Roy was notified of this charge on August 28, 2019, when he received a copy of the Screening Report. Dkt. 9-4. He pleaded not guilty and did not ask to call any witnesses. *Id.* When asked whether he wished to present physical evidence, he stated, "Will bring paperwork." *Id.*

This matter proceeded to a disciplinary hearing on September 6, 2019. Dkt. 9-6. Mr. Roy told the disciplinary hearing officer, "The sign I am holding up is an 'E,' not STG related." *Id.* The disciplinary hearing officer considered this statement, the Report of Conduct, Officer Boner's witness statement, and found him guilty. *Id.* He received a 90-day deprivation of earned credit time. *Id.*

Mr. Roy appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 9-8, 9-9. He reiterated that the hand sign in question was not a gang sign. *Id.* He also argued that this photograph was reviewed by the facility's mail officer, who apparently deemed the photograph appropriate, and it was not fair for him to be charged with

possessing the photograph. *Id.* Finally, he argued that the security threat group 2-1 Fatals is a white gang. *Id.* IDOC inmate records indicate that Mr. Roy is black.[1] These appeals were denied. *Id.*

### III.
### DISCUSSION

Mr. Roy filed a petition for a writ of habeas corpus on January 2, 2020. Dkt. 1. He filed an amended petition on January 23, 2020. Dkt. 5. "An amended habeas petition supersedes an original habeas petition." *Martinez v. Pierce*, 2016 WL 353924 at *11 (N.D. Ill. June 29, 2016) citing *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002).

The amended petition states that the disciplinary proceedings violated Mr. Roy's due process rights. Rather than describe his argument in detail on the amended petition, Mr. Roy directs the Court to his administrative appeal form, which he attaches to the amended petition as an exhibit, "for complete grounds and argument." Dkt. 6, p. 2; dkt. 6-2, p. 3. Although Mr. Roy's grievance appeal sets forth multiple arguments, each argument essentially challenges the sufficiency of the evidence supporting his disciplinary conviction.[2]

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.")

---

[1] *See* https://www.in.gov/apps/indcorrection/ofs/ofs?previous_page=1&detail=233007.

[2] The respondent argues that Mr. Roy did not exhaust his administrative remedies because he raises issues in his amended petition that were not raised in his administrative appeals. Dkt. 9, p. 2. However, Mr. Roy presents the same issues—on a copy of the same form, no less—that he presented to the Facility Head and the IDOC Final Reviewing Authority. The respondent's exhaustion argument is therefore without merit.

(citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

The Report of Conduct states that Mr. Roy possessed a photograph that depicts him exhibiting a hand sign associated with a security threat group. Officer Boner provided a witness statement that concurred with this assessment. The disciplinary hearing officer was not required to credit Mr. Roy's witness statement over those of Officer Kern and Officer Boner. Mr. Roy's other arguments, that membership in the 2-1 Fatals is limited to white prisoners and that the facility mail supervisor did not identify this photograph as depicting a security threat group hand sign, are similarly requests to reweigh the evidence, which this Court cannot do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007)). Accordingly, Mr. Roy's request for relief on this ground is **DENIED**.

## IV.
## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Roy to the relief he seeks. Accordingly, Mr. Roy's petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date:   10/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES ROY, SR.
233007
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov